# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

LEONARD Q. GONZALES,

Plaintiff,

vs.

MARGARET MIMS,

Defendant.

Case No. 1:13 cv 01069 LJO GSA PC

ORDER DISMISSING COMPLAINT AND
GRANTING PLAINTIFF LEAVE TO FILE
AN AMENDED COMPLAINT

AMENDED COMPLAINT DUE
IN THIRTY DAYS

I.      **Screening Requirement**

        Plaintiff is a Fresno County Jail inmate proceeding pro se and in forma pauperis in this

civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by

Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).

        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

1

U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   <u>Plaintiff's Claims</u>

Plaintiff, a Fresno County Jail inmate, brings this civil rights action challenging the conditions of his confinement at the Fresno County Jail.  Plaintiff names as defendants in this action Fresno County Sheriff Margaret Mims and the medical staff at the Fresno County Jail.  Plaintiff fails to make a statement of claim.  Plaintiff refers the Court to inmate grievances attached to his complaint.

Plaintiff is advised that he cannot submit documents attached to his complaint and expect the Court to determine what his allegations are.  Plaintiff must set forth his allegations in the complaint itself.   Plaintiff must identify individual defendants, and allege conduct as to each defendant that violated Plaintiff's rights.

### A.   <u>Supervisory Liability</u>

The only individually named defendant in this action is Sheriff Mims.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  <u>Ashcroft v. Iqbal</u> , 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  <u>Id.</u> at 673.  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

**B.**     **Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" [1] Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, the Court finds Plaintiff's allegations to be vague.  Plaintiff sets forth a generalized allegation regarding his health care.  To state a claim under section 1983, Plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an

---

[1] Plaintiff does not indicate whether he is a pretrial detainee or serving a sentence of confinement.  While the deliberate indifference standard is applied under the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, governs plaintiff's claim for denial of medical care as a pretrial detainee. See Redman v. County of San Diego, 942 F.2d 1435, 1442-43 (9th Cir. 1991) (applying deliberate indifference standard to pretrial detainees through the Due Process Clause of the Fourteenth Amendment).

affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).   Plaintiff has not specifically charged each defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.  Plaintiff may not hold defendants liable simply by alleging a serious medical condition and then charge defendants with the vague allegation that they neglected her condition.  Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm. Plaintiff has failed to do so here.  The complaint should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

## III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

4

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.   The Clerk's Office shall send to Plaintiff a complaint form;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.   Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.   If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 15, 2014**                              **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

6