UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD QUIROZ GONZALES,<br><br>        Plaintiff,<br><br>   vs.<br><br>MARGARET MIMS, et al.,<br><br>        Defendants. | 1:13-cv-01069-LJO-GSA-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 11.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.    BACKGROUND**

Leonard Quiroz Gonzales ("Plaintiff") is an inmate at the Fresno County Jail, proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 12, 2013. (Doc. 1.) The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on January 15, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 10.) On January 24, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 11.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently in custody at the Fresno County Jail in Fresno, California, where the events at issue in the First Amended Complaint allegedly occurred.  Plaintiff names as defendants Margaret Mims, Dr. Than Aw, and the Medical Staff at Fresno County Jail. Plaintiff's factual allegations follow, in their entirety:

> "Dr. Than Aw denying me the medical attention I so need. Regard having my prosthesis repaired.  I wear a (*sic*) artificial limb on my left leg and not giving me the necessary treatment for the pain I am suffering, and not giving me the necessary handi cap (*sic*) accomadations (*sic*) such as a wheel chair with brakes and also a cell with handi cap (*sic*) railings in the shower and rest room.  And by my prosthesis not being fixed, it is causing more pain on my left stump-knee cap and left hip area."

(First Amended Complaint at 3 ¶IV.)  Plaintiff requests injunctive relief.

IV.     **PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."  Id. at 743-44.

A.     **Personal Participation and Supervisory Liability**

Plaintiff fails to allege any personal conduct by defendant Margaret Mims or members or the Medical Staff – except Dr. Than Aw -- in the First Amended Complaint.  Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  Plaintiff

3

must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676. Because Plaintiff has not alleged any personal conduct by defendant Margaret Mims or the Medical Staff, Plaintiff fails to state any claims under § 1983 against them.

Plaintiff is also advised that liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Defendant is only liable for his or her own misconduct, and Plaintiff must demonstrate that each Defendant, through his or her own *individual actions*, violated Plaintiff's constitutional rights. Iqbal, at 676-77 (emphasis added). The required causal connection between supervisor conduct and the deprivation of a constitutional right is established either by direct personal participation or by setting in motion a "series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson, 588 F.2d at 743-44. A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, to the extent that Plaintiff seeks to impose liability upon defendants in their supervisory capacity, Plaintiff fails to state a claim.

### B. Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"[1] Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in

---

[1] Plaintiff does not indicate whether he is a pretrial detainee or serving a sentence of confinement. While the deliberate indifference standard is applied under the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, governs Plaintiff's claim for denial of medical care as a pretrial detainee. See Redman v. County of San Diego, 942 F.2d 1435, 1442-43 (9th Cir. 1991) (applying deliberate indifference standard to pretrial detainees through the Due Process Clause of the Fourteenth Amendment).

further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . .

that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff demonstrates that he has a serious medical need, because he wears a prosthetic limb that causes him pain.  However, Plaintiff fails to state a medical claim against defendant Dr. Than Aw because Plaintiff has not alleged facts showing that Dr. Than Aw acted against Plaintiff, or failed to act, while knowing of and deliberately disregarding a substantial risk of serious harm to Plaintiff's health.  As Plaintiff was advised in the court's prior screening order, "Plaintiff may not hold defendants liable simply by alleging a serious medical condition and then charg[ing] defendants with the vague allegation that they neglected [his] condition [and] Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm." (Screening Order, Doc. 10 at 4:9-12.)

Therefore, Plaintiff fails to state a medical claim against defendant Dr. Than Aw.

### C. ADA Claim

To the extent that Plaintiff seeks to bring a claim under the ADA, Plaintiff fails to state a claim.  Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Id.

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

///

Further, for an ADA claim, Plaintiff may name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities. Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). Individual liability is precluded under the ADA. Shaughnessy, 2010 WL 2573355, at *8; Anaya, 2009 WL 3763798, at *5-6; Roundtree, 2005 WL 3284405, at *5.

The Court finds Plaintiff's allegations to be vague. Plaintiff requests accommodations such as a wheelchair and handicap railings, but does not specifically allege facts indicating that he is a qualified individual with a disability, or what specific service, program or activity he is denied based upon that disability.

Therefore, Plaintiff fails to state a cognizable claim for violation of his rights under Title II of the ADA.

**V.    CONCLUSION AND ORDER**

For the foregoing reasons, the Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 or the ADA against any of the defendants. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Plaintiff shall be granted another opportunity to amend the complaint. Plaintiff has leave to file a Second Amended Complaint curing the deficiencies found by the court in this order, within thirty days. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

An amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones, 297 F.3d at 934. As discussed above, under § 1983 there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 676. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened and how each defendant's actions violated the particular right described by Plaintiff.

Should Plaintiff choose to bring a claim under the ADA, he should review the legal standard given above in paragraph IV.C. to determine whether he is able to state a claim.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new claims arising before he filed the initial Complaint on July 12, 2013. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, the amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint, filed on January 24, 2014, is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

///

///

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in this order;

4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:13-cv-01069-LJO-GSA-PC; and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **June 30, 2014**                              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE